990 F.2d 1263
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Genaro MEDINA-ORTIZ, Defendant-Appellant.
 No. 92-50332.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 3, 1993.*
Decided April 6, 1993.
 
 Before SCHROEDER, THOMPSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Genaro Medina-Ortiz appeals the district court's denial of a motion to suppress certain evidence. The appeal is based on two grounds: (1) that the agent lacked a founded suspicion to stop Ortiz's car; and (2) that there was no probable cause to search the trunk of the car. We reject these arguments and affirm.
 
 
 3
 The facts are as follows. A border sensor alerted Border Patrol Agent Lopez that a vehicle had crossed into the United States from Mexico. Lopez was on patrol at the time, approximately one and one-half miles away from the border. He testified that while on patrol he observed one vehicle pass every one-half hour. About ten minutes after the sensor went off, a Volkswagen Beetle approached Agent Lopez's position. Agent Lopez observed that the car was dusty, had brush marks, had Mexico license plates, and contained a lone hispanic. He stopped the car. The driver presented Lopez with a resident alien card. The driver then asked Lopez about a certain address, stating that he could not find the address and had been driving around for one-half hour. Lopez testified that he had not seen the car during his time on patrol. Lopez then searched with the consent of the driver the trunk of the vehicle. This search turned up nothing.
 
 
 4
 At this time a second car approached. The second car, a Volkswagen Jetta, also appeared dusty with brush marks. Another agent arrived and told Lopez there may have been a double drive-through. A double drive-through occurs when two cars drive across the border and the first acts as a decoy to allow the second, which carries the contraband, to escape apprehension. The Jetta appeared to be riding low in the back. The agents radioed ahead and the Jetta was stopped. The driver, appellant Ortiz, was asked for proof of citizenship and was arrested when he could not produce any. After the arrest, Agent Brown, who had stopped Ortiz, opened the trunk and several packages of marijuana fell out. The district court upheld the stop and search.[1]
 
 
 5
 I. Was there reasonable suspicion to stop appellant?
 
 
 6
 Ortiz argues that the officers did not have a reasonable suspicion to instigate an investigatory stop. Ortiz states that the agents failed to articulate any specific objective facts that warranted stopping Ortiz's vehicle because there was little evidence that the two cars were traveling in tandem. Appellant relies on the case of United States v. Robert L., 874 F.2d 701 (9th Cir.1989). However, that case involved two cars driving in tandem and not a double drive-through.
 
 
 7
 Ortiz also argues that agent's testimony that Ortiz's car appeared to be riding low was not supported by the facts. In support of this argument Ortiz points to the testimony of his expert witness, Mario Sagardoy. However, the government correctly states that Sagardoy's examination of the vehicle and his testimony do not clearly show that the agents were fabricating their testimony regarding the weight of Ortiz's vehicle. Further, the district court specifically found Agent Brown's testimony to be credible.
 
 
 8
 In fact, when viewed in light of the totality of the circumstances, United States v. Sokolow, 490 U.S. 1 (1989), there is more than sufficient information for the agents to have formed a reasonable suspicion so as to stop Ortiz. First, the sensor indicated that a border crossing had occurred. The first car's location was consistent with the time that had lapsed since the border crossing. Second, the driver of the first vehicle stated that he had been driving around attempting to find a certain address, yet Lopez had not seen that vehicle even though Lopez had been on stationary patrol for one and one-half to two hours. Third, the agents have experience in the many modus operandi of illegal border crossings, and the appearance of Ortiz's vehicle was consistent with agents' past experiences of border crossings. Finally, Ortiz's vehicle was apparently riding low, an indication that the car might have been smuggling either aliens or drugs.
 
 
 9
 II. Was there probable cause to search the trunk?
 
 
 10
 "Officers who have probable cause to believe that an automobile contains evidence of a crime may search the vehicle, including the trunk and all containers in which there is probable cause to believe that evidence was concealed." United States v. Alvarez, 899 F.2d 833, 839 (9th Cir.1990), cert. denied, 498 U.S. 1024 (1991). "Probable cause to search is evaluated in light of the totality of the circumstances and is found to exist if there is a fair probability that contraband or other evidence of crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238-39 (1983).
 
 
 11
 In this case the officers had sufficient information on which to base probable cause. Upon asking Ortiz for identification, Ortiz was unable to produce any proof of citizenship. Combined with the heavily laden nature of the car and the sequence of events prior to the time of stopping Ortiz, there seems little doubt that the officer had reason to believe that criminal activity was afoot.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court based its decision on the following factors: (1) a border sensor alerted the agents that a vehicle had passed; (2) the stop was in close proximity to the border; (3) there was no other traffic in the area; (4) Agent Lopez had been on watch and did not see any cars except this one pass after the sensor went off; (5) Agent Lopez testified that the time interval between the arrival of the VW bug and the sensor alert was consistent with the distance he was from the border; (6) the car was covered with dust and was scratched indicating off-road travel; (7) the occupant was a lone latin male and agents' training and experience indicated that drugs often were found with lone latin males driving a vehicle; (8) the agents had experienced double drive-throughs; (9) the Jetta was the next car seen; (10) the Jetta was riding low in back and the officer's testimony to this fact seemed credible; and (11) probable cause existed after Ortiz was unable to give proof of citizenship. As to whether there was probable cause, the district court stated that the area is well known for smuggling drugs or aliens. Further, the agents are very experienced in this regard and did not recognize either car as locally owned